**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HERMAN POSEY, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| SWISSVALE BOROUGH, OFFICER | ) | **JURY TRIAL DEMANDED** |
| JOHN A. CORRADO, JR., OFFICER | ) | |
| JOHN R. MERCALDE, OFFICER | ) | |
| OFFICER GREG GEPPERT, OFFICER | ) | |
| WILLIAM HAUN, and SWISSVALE | ) | |
| BOROUGH CHIEF OF POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### I. Introduction

Plaintiff, Herman A. Posey, Jr. ("Herman Posey"), by and through his undersigned

counsel, Robert M. Owsiany, Esquire, files his Complaint pursuant to Fed. R. Civ. Pro. 8 and

alleges as follows.

### II. Jurisdiction

1.      Plaintiff brings this action against Swissvale Borough, its police department and

its employee police officers, John A. Corrado, Jr., John R. Mercalde, Greg Geppert, William

Haun, and the Chief of Police, for damages arising out of tortious and unconstitutional conduct,

policies, acts, and omissions occurring from approximately October 19, 2010 through December

20, 2011, and subsequently to the present. This action is brought against the individual municipal

police officer defendants in both their official and individual capacities.

2.     Plaintiff brings this action to redress the deprivation of rights secured by the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985(2), and Pennsylvania common law.

3.     Plaintiff is resident and citizen of Pennsylvania. Each defendant is, upon information and belief, a citizen of Pennsylvania resident within this judicial district. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§1331 and 1343(a)(3), and 42 U.S.C. §1983.

4.     Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state law claims against Defendants for common law violations pursuant to 28 U.S.C. §1367 as the common law claims form part of the same case or controversy.

5.     Venue is proper in this District pursuant to 28 U.S.C. §1391.


### III. Parties

6.     At all times pertinent to this complaint, Plaintiff Herman A. Posey, Jr., African-American, resided at 7700 Lloyd Avenue, Apt. 2, Swissvale Borough, Allegheny County, Pennsylvania, (Pittsburgh, PA 15218).  Plaintiff is a permanent, 100% disabled, two-time Honorably Discharged Vietnam War Veteran.

7.     Defendant Swissvale Borough ("Swissvale"), with its offices at the Municipal Building, 7560 Roslyn Street, Swissvale Borough, Allegheny County, Pennsylvania (Pittsburg, PA 15218) operates and governs the Swissvale Borough Police Department, which is also located at 7560 Roslyn Street, Swissvale Borough, Allegheny County, Pennsylvania (Pittsbugh, PA 15218).  Swissvale Borough (City of Pittsburgh) is a municipality as defined constituted under the constitution and laws of the Commonwealth of Pennsylvania.

8.      Defendants Officer John R. Mercalde ("Officer Mercalde"), Officer John A. Corrado, Jr. ("Officer Corrado"), Officer Greg Geppert ("Officer Geppert"), Officer William Haun ("Officer Haun") and the Chief of Police ("Chief"), all Caucasian, are police officers (collectively "Defendant Officers") who are employed by of Swissvale Borough and who unlawfully violated Plaintiff's civil rights, as well as committing tortious acts that caused Plaintiff's injury and damages. The Defendant Officers are sued both individually and in their official capacities. At all times pertinent hereto, Defendant Officers were employed by Swissvale Borough and the Swissvale Borough Police Department, 7560 Roslyn Street, Swissvale Borough, Allegheny County, Pennsylvania (Pittsburgh, PA 15218). Defendant Officers are not employees of the Commonwealth of Pennsylvania and are not state officials.

9.      At the time of the alleged incidents at all times pertinent hereto, Defendants Swissvale Borough and Defendant Officers acted under color of Pennsylvania law, statute, ordinance, regulation, custom, or usage.

## IV. Facts

10.     Plaintiff owned property in which his brother, Joseph Posey resided and was a tenant.  Joseph Posey had been delinquent on rent, and had stolen personal property of Plaintiff. Plaintiff evicted his brother Joseph Posey.

11.     Defendant Officer Corrado on several occasions berated Plaintiff while trespassing on Plaintiff's property, in regard to landlord-tenant law and in regard to evictions of tenants.

12.     Defendant Officer Corrado threatened and intimidated Plaintiff in this regard, stating that Plaintiff was not abiding by the law when he was acting to evict Joseph Posey.

Defendant Corrado has a well-known reputation in the community as the "Dark Knight of Swissvale" because of his tactics.

14.     On October 19, 2010, Plaintiff went to a shed on his property.  Plaintiff noticed that several items, including a lawn mower and a mobility scooter were missing from this shed.

14.     Plaintiff went to Defendant Swissvale Borough Police Department and filed a report in this regard.  Defendant Officer Mercalde filed this report with Defendant Swissvale Police Department.  This report was "approved" by supervising Defendant Officer Geppert.

15.     On or about November 9, 2010, Joseph Posey entered Defendant Swissvale Police Department and spoke with Defendant Officer Mercalde, wishing to file a police report against Plaintiff for allegedly stealing Joseph Posey's Social Security Disability check.  Joseph Posey has been declared incompetent, and Plaintiff is Joseph Posey's payee.

16.     Defendant Officer Mercalde then questioned Joseph Posey in regard to the theft of the aforementioned items reported by Plaintiff Herman Posey on October 19, 2010.  Joseph Posey stated that the items were not stolen, but rather that Plaintiff sold in particular the mobility scooter to another brother, Elijah Posey for the sum of $1,000.00.

17.     Defendant Officer Corrado questioned Elijah Posey on November 9, 2010 about the location of the aforementioned mobility scooter.  Elijah Posey stated to Defendant Officer Corrado that he purchased the mobility scooter from Plaintiff for the sum of $1,000.00 and that the scooter was located at his (Elijah's) residence and that Plaintiff delivered the scooter to him.

18.     On November 23, 2010, Defendant Officer Corrado went to Elijah Posey's residence and viewed a mobility scooter which Defendant Officer Corrado believed was the scooter that Plaintiff reported stolen on October 19, 2010.

19.     Defendant Officer Corrado, using his own personal vehicle, then confiscated the mobility scooter and placed this scooter into the custody of Defendant Swissvale Police Department.

20.     On January 2, 2011, Plaintiff ordered a pizza from Domino's Pizza.  The driver mistakenly delivered the pizza to 7700 Evans Street, the residence of Defendant Officer Corrado, instead of to Plaintiff's residence at 7700 Lloyd Street, which was essentially across the street.

21.     Defendant Officer Corrado became irate at this situation and went to Plaintiff Herman Posey's residence.  Once there, Officer Corrado summoned fellow Defendant Officer Haun, who arrived and then threatened and intimidated Plaintiff.  Officer Haun said that he would issue a citation to Plaintiff if a pizza was ever mistakenly delivered to the wrong address again.  Plaintiff was thus ordered, under the color of state action, never to order a pizza again lest he be cited for a crime if the delivery driver mistakenly arrived at Defendant Officer Corrado's residence.

22.     The very next day, January 3, 2011, Defendant Officer Mercalde filed a Police Criminal Complaint, Complaint/Incident No. 10-0010640, charging Plaintiff with violations of 18 Pa. C.S. §4906(b)(1), Filing a False Report to Law Enforcement (Grade M3 Misdemeanor), one (1) count; and 18 Pa.C.S. §3922, Theft by Deception (Grade M1 Misdemeanor), one (1) count, MDJ Docket No. CR-0000005-11.

23.     After a preliminary magistrate's hearing on February 23, 2011, Plaintiff was incarcerated for three (3) days and released after he posted $5,000.00 bail.

24.     The case was then transferred to the Court of Common Pleas, Allegheny County, case number CP-02-CR-0002547-2011.

25.     The case was scheduled for a non-jury trial on August 16, 2011, continued until October 5, 2011, continued again until November 28, 2011, and finally held on December 20, 2011.  The outcome of the case was a dismissal of the criminal charges against Plaintiff because the reported offense did not occur.

26.     All of the Commonwealth's witnesses failed to appear for the scheduled trial dates, further harassing and intimidating Plaintiff and prolonging his final status and the outcome of the proceedings.

27.     The Allegheny County District Attorney's office petitioned the Court to *nolle prosse* the case.  Defendants Officers Corrado and Mercalde were in agreement and consented to the dismissal, indicating their acquiescence to the fact that the original charges were without probable cause, unfounded and false.

28.     At a time subsequent to the filing of the baseless charges against Plaintiff Herman Posey, Defendant Officer Corrado verbalized to the Veteran's Administration ("VA") that Plaintiff was "a criminal."

29.     Contemporaneously with the aforementioned incident in Paragraph 28 above, Defendant Corrado also convinced a staff member at the VA, Tammy Proctor, to switch the first three (3) numbers on Plaintiff's account for direct deposit of his VA disability payment from "208" to "802."  Therefore, the regular and recurrent deposit to be made on or about November 1, 2011 was not made, causing Plaintiff to have returned several checks, marked as "Insufficient Funds."

30.     Swissvale Borough, its Police Department, and Defendant Officer Corrado knew, or should have known, that releasing information to the VA about the false and specious charges filed against Plaintiff would defame his reputation and put his reputation into a false light.

31.     The utterly false and meritless charges filed by Defendant Officer Mercalde on the basis of the information obtained by Officer Mercalde from both of Plaintiff's brothers, and which were ultimately dismissed as unfounded, were aggressively seized upon by Defendant Mercalde and his colleagues in the Swissvale Police Department in order to apply "police muscle" against Plaintiff in an attempt to threaten and intimidate Plaintiff for no justified reason.

32.     Defendant Officers knowingly and deliberately credited the false accusations of Plaintiff's brothers in having the criminal complaint filed. Defendant Mercalde knew or should have known that the accusations were false in all material respects.

33.     At no time pertinent hereto did the Defendant Borough and Officers have probable cause to believe Plaintiff had committed, or was committing, a crime.

34.     Defendant Officers Mercalde and Corrado willfully, wantonly, and with a deliberate disregard for the statutory and constitutional rights of Plaintiff, sent Defendant Officer Haun to harass and intimidate Plaintiff from exercising a simple right to order a meal from a pizza-delivery establishment.

35.     Defendants' actions were racially motivated, with an attempt to threaten and intimidate Plaintiff, an African-American, under the color of state action, by a group of Caucasian law enforcement personnel.

36.     The Defendant Borough and Officers acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff.  In the alternative, Defendant Officers acted recklessly and negligently in failing to properly conduct an investigation of Plaintiff's brothers' baseless charges. The officers' actions constituted an unreasonable deprivation of liberty without due process of law and an infringement of Plaintiff's right to privacy.

37.    Upon information and belief and at all times pertinent hereto, Swissvale Borough permitted and tolerated a pattern and practice of unreasonable use of the power to arrest and confine, and a practice of infringing upon a citizen's due process and Fourth Amendment rights, and privacy rights by police officers of Swissvale Borough.

38.    Upon information and belief, Swissvale Borough has maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate police officers unreasonably using the power to arrest and confine, and the practice of depriving citizens of their due process rights, Fourth Amendment rights and infringing on a citizen's right to privacy.

39.    The acts, omissions, systemic flaws, policies, and customs of Swissvale Borough caused police officers of Swissvale to believe that an unwarranted and unreasonable use of the power of arrest, the deprivation of due process and Fourth Amendment rights , and the infringement of the right to privacy would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to commit the above described violations of constitutional rights against Plaintiff and against the rights of others in the future.

40.    As a direct and proximate result of the aforementioned conduct of the Defendants, Plaintiff suffers and continues to suffer in the following ways:

        a. Mental anguish, depression, and emotional strain;

        b. Loss of income and benefits, including the loss of twenty-on (21) days of

                Veteran's Benefits;

        c. Deprivation of the ordinary pleasures of life;

        d. Damage to his reputation in the community;

e. Loss of sleep, stress, severe anxiety;

f. Humiliation, embarrassment; and

g. Plaintiff's career has been curtailed and sabotaged.

41.     As a further result of the aforementioned unlawful conduct of the Defendants, Plaintiff's stability was hampered. Furthermore, as a direct and proximate result of the acts and omissions of Defendants, Plaintiff continues to suffer mental anguish, was deprived of his physical liberty, due process rights, Fourth Amendment rights, his right to privacy, and was forced to incur legal expenses.

## FEDERAL CIVIL RIGHTS CLAIMS

## COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS: FOURTH AMENDMENT

### Defendants: Officers Mercalde, Corrado, Geppert, and Haun
### Both in Their Official and Individual Capacities
### (Claim for Compensatory Damages)

42.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 41 of this Complaint.

43.     At all relevant times, Defendant Officers Corrado, Mercalde, Haun and  Geppert were acting under color of state law within the meaning of 42 U.S.C. §1983.

44.     The intentional harassment of Plaintiff and false arrest of Plaintiff by Defendant Officers violated the rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, for which Defendant Officer is liable.

45.     The actions of Defendant Officers, as described above, constituted a deprivation of Plaintiff's right under the Fourth and Fourteenth Amendments to be secure in his person, as the criminal charges filed on Plaintiff were procured by him without probable cause. Those

actions also constituted a deprivation of Plaintiff's substantive liberty interest as secured by the Fourteenth Amendment and Plaintiff's procedural due process rights as also secured therein.

46.     Defendant Officers are liable for compensatory damages to the Plaintiff in their individual capacities under 42 U.S.C. §1983.

## COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS:  FOURTH AMENDMENT

**Defendants: Officer Officers Mercalde, Corrado, Geppert, and Haun
in Their Individual Capacities Only
(Claim for Punitive Damages)**

47.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 46 of this Complaint.

48.     The intentional harassment of Plaintiff by Defendant Officers when Defendant Officers had no lawful authority to arrest Plaintiff was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff.

49.     Defendant Officers are liable for punitive damages to the Plaintiff in their individual capacities under 42 U.S.C. §1983.

## COUNT III: VIOLATION OF CONSTITUTIONAL RIGHTS: FAILURE TO TRAIN AND SUPERVISE UNDER 42 U.S.C. §1983

**Defendants: Swissvale Borough and Chief of Police
(Claim for Compensatory Damages)**

50.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 49 of this Complaint.

51.     It was the policy and practice of Swissvale Borough to employ certain police officers, including Defendant Officers Corrado, Mercalde, Haun and Geppert and Chief of Police, as described in the foregoing paragraphs.

52.     It was the policy and practice of the Swissvale Borough and Defendant Police Department to authorize certain officers, including Defendant Officers Corrado, Mercalde, Haun and Geppert and Chief of Police, to cover up the misuse of the power to arrest. It was also the policy and practice of Swissvale Borough to authorize and encourage police officers to obtain false statements and file criminal complaints with insufficient probable cause and to serve such warrants and file such criminal complaints in order to harass and retaliate against certain citizens, and to attempt to harass persons of color. Plaintiff was subjected to such misuse of the police power. This policy and practice of Swissvale Borough encouraged and caused constitutional violations by police officers of Swissvale Borough, including the violations of Plaintiff's constitutional rights as secured by the Fourth and Fourteenth Amendments, and in particular by Defendant Officers Corrado, Mercalde, Haun and  Geppert and the Chief of Police, as described in the foregoing paragraphs.

53.     At all times pertinent hereto, Defendant Chief of Police and Supervisor Geppert and other unknown supervisors who supervised the officers who unlawfully violated Plaintiff's rights, encouraged and tolerated the policies and practices described in the foregoing paragraphs. Swissvale Borough and Defendant Chief of Police refused to adequately train, direct, supervise, or control Defendant Officers so as to prevent the violation of Plaintiff's constitutional rights.

54.     At all times pertinent hereto, Defendant Officers Corrado, Mercalde and Haun, were acting within the scope of their employment and pursuant to the aforementioned policies and practices of Swissvale Borough and Swissvale Borough Police Department. These policies and

practices were enforced by Defendant Chief of Police and Supervisor Geppert, and were the moving force, proximate cause, or affirmative link behind the conduct causing the Plaintiff's injury. Swissvale Borough and Defendants Chief of Police and Officer Geppert are therefore liable for the violation of Plaintiff's constitutional rights by Defendant Officers Corrado, Mercalde and Haun.

55.    Defendant Chief of Police had direct personal knowledge of the unlawful activities of Defendant Officers Corrado, Mercalde and Haun.

56.    Defendants Chief of Police, Supervisor Geppert, Borough of Swissvale and Borough of Swissvale Police Departments' failure to supervise and train Officer Corrado was so egregious as to cause the frightened citizenry to recognize and label Officer Corrado as the "Dark Knight of Swissvale."

57.    The allegations set forth in the preceding paragraphs of this count constitute conduct that is in violation of 42 U.S.C. §1983 as the Defendants named in this Count acted at all times under color of state law.

58.    Defendants Swissvale Borough and Swissvale Borough Police Department, Chief of Police and Supervisor Geppert are liable for compensatory damages to the Plaintiff in their individual capacities under 42 U.S.C. §1983.

### COUNT IV: CONSPIRACY TO VIOLATE CIVIL RIGHTS, 42 U.S.C. §1983

**Defendants: Officers Corrado, Mercalde, Haun, Geppert and Chief of Police
(Claim for Compensatory Damages)**

59.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 58 of this Complaint.

60.     Defendant Officers Corrado, Mercalde, Haun, Geppert and the Chief of Police conspired to violate Plaintiff's civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C. §1983 for which Defendant Officers Corrado, Mercalde, Haun, Geppert and Chief of Police are liable.

61.     Defendant Officers Defendant Officers Corrado, Mercalde, Haun, Geppert and Chief of Police knew, or should have known, that Joseph and Elijah Posey's claims that Plaintiff had committed criminal acts, i.e. theft by deception and filing false police reports, were false. These Defendants jointly agreed to have Plaintiff arrested in order to harass, threaten and intimidate Plaintiff.  The Defendant police officers were motivated to harass Plaintiff for no legitimate reason, but rather to deprive Plaintiff of his civil rights.

62.     Defendant Officers Defendant Officers Corrado, Mercalde, Haun, Geppert and Chief of Police conspired to deprive Plaintiff of his civil rights and are thus liable for compensatory damages under 42 U.S.C. §1983.

### COUNT V: CONSPIRACY TO VIOLATE CIVIL RIGHTS, DENIAL OF EQUAL PROTECTION RIGHTS UNDER 42 U.S.C. §1983 AND 42 U.S.C. §1985(2)

**Defendants: Officers Corrado, Mercalde, Haun, Geppert and Chief of Police**
**(Claim for Compensatory Damages)**

63.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 62 of this Complaint.

64.     Defendant Officers Corrado, Mercalde, Haun, Geppert and Chief of Police conspired to violate Plaintiff's civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C. §1983 and §1985(2) for which Defendant Officers Corrado, Mercalde, Haun, Geppert and Chief of Police are liable.

65.     Defendant Officers Corrado, Mercalde, Haun, Geppert and Chief of Police, who are Caucasian, conspired to violate Plaintiff's civil rights and deny him equal protection of the law because Plaintiff is an African-American.  Defendant Officers acted in concert for the purpose of impeding, hindering, obstructing, and defeating Plaintiff's right to be free from intimidation against his exercise of Free Speech and Due Process, his right a speedy trial, in any manner, motivated solely on race.  Defendants' intent was to deny to Plaintiff and other citizens of color, the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, his rights and the rights of any person of color, to the equal protection of the laws.

## RELATED STATE LAW CLAIMS

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Defendants: Officers Corrado, Mercalde, Haun, Geppert and Chief of Police**
**(Claim for Compensatory Damages)**

66.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 65 of this Complaint.

67.     Defendant Officers Corrado, Mercalde, Haun and Geppert intentionally threatened and harassed Plaintiff in a manner that was extreme, outrageous, and unjustified, and caused Plaintiff to suffer physical and emotional distress for which Defendant Officers Corrado, Mercalde, Haun and Geppert are liable. Plaintiff now suffers from a depression, stress and anxiety as a result of the mental and emotional stress he has suffered.

68.     Defendant Officers Corrado, Mercalde, Haun and Geppert capitalized on the false reports provided by Joseph and Elijah Posey, to threaten and harass Plaintiff.  Defendant Officers

Corrado, Mercalde, Haun and Geppert intended to humiliate Plaintiff within his community, destroy his reputation and cause him emotional distress.

69.     Defendant Officers Corrado, Mercalde and Geppert willfully executed a false criminal complaint and a false arrest of Plaintiff in order to humiliate him within the community, destroy his reputation, and cause him emotional distress.

70.     This Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367(a).

## COUNT VII: MALICIOUS PROSECUTION

**Defendants: Officers Corrado, Mercalde and Geppert**
**(Claim for Compensatory and Punitive Damages)**

71.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 71 of this Complaint.

72.     Defendant Officers Corrado, Mercalde and Geppert, acting under color of state law, and Joseph and Elijah Posey, caused to be filed completely meritless charges against the Plaintiff for allegedly committing crimes under criminal statutes as set forth above.

73.     Defendant Officers Corrado, Mercalde and Geppert had no probable cause to seek and have issued an arrest warrant or criminal complaint for Plaintiff with respect to any alleged violation of 18 Pa. C.S. §4906(b)(1) and 18 Pa.C.S. §3922.

74.     These charges, when found to be without merit, were dismissed by the District Attorney's Office and those proceedings therefore ended in Plaintiff's favor. Defendants filing of those charges constituted malicious prosecution in violation of Pennsylvania Law.  This Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367(a).

75.     Defendant Officers Corrado, Mercalde and Geppert initiated the criminal process not in order to bring Plaintiff to justice for any crime he allegedly committed, but in order to harass and humiliate him, damage his reputation in the community, and to further harass and intimidate him with a racial animus.

76.     The actions of Defendant Officers Corrado, Mercalde and Geppert in falsely filing criminal charges or aiding in the filing of those charges, against Plaintiff, and having Plaintiff arrested constituted willful official misconduct. Defendants' actions were taken with actual malice toward Plaintiff.  Plaintiff is entitled to both compensatory and punitive damages.


## COUNT VIII: DEFAMATION

### Defendant Corrado only
### (Claim for Compensatory and Punitive Damages)


77.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 76 of this Complaint.

78.     Defendant Corrado acting individually made a series of defamatory statements to the Veteran's Administration community about Plaintiff.

79.     Defendant Corrado acted with malice when he convinced a VA employee to alter the account numbers for Plaintiff's direct deposit payments to be made in order to cause Plaintiff to have several checks returned as "Insufficient Funds," thereby further harming Plaintiff's reputation in the community and exposing Plaintiff to potential criminal liability for those checks.

80.     These slanderous and libelous statements were that Plaintiff had committed two crimes, i.e. theft by deception and filing a false police report.  These statements constitute defamation *per se* in that Plaintiff was falsely accused of criminal offenses.

81.     Defendants knew or should have known that the statements that Plaintiff had been properly charged with these criminal offenses were false since they were ultimately *nolle prossed.*

82.     Defendant's defamatory statements concerning Plaintiff were made either intentionally, with reckless disregard for the truth or falsity of the statements, or with negligent disregard for the truth or falsity of the statements.  Plaintiff was not at any time relevant to this Complaint a public official or public figure.

83.     Defendant's publication of his defamatory statements about Plaintiff also put him in a "false light" pursuant to THE RESTATEMENT (SECOND) OF TORTS, §652E.  The false criminal allegations against Plaintiff, and the allegation that Plaintiff falsified statements and also committed theft by deception, placed Plaintiff in a false light that would be highly offensive to a reasonable person.

84.     Because of Defendant's defamatory statements Plaintiff's reputation has been severely damaged and that damage is ongoing and continuous.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the various Defendants, jointly and severally on the above enumerated Counts I-VIII, respectively, and award the following amounts:

a. An amount in excess of $75,000.00 as compensatory and punitive damages in favor of Plaintiff;

b. Costs of this action, including reasonable attorney fees to the Plaintiff pursuant to 42 U.S.C. §1988;

c. Injunctive and other equitable relief ordering Defendants to cease and desist from violating Plaintiff's constitutional rights; and

d. Such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

/S/ROBERT M. OWSIANY
Robert M. Owsiany, Esquire
PA ID #35124

Henry W. Oliver Building, Suite 544
535 Smithfield Street
Pittsburgh, PA 15222
(412) 281-4906 (T)
(412) 281-4908 (F)
Dated: July 10, 2012          rmowsiany@rmolaw.com

Counsel for Plaintiff
  Herman A. Posey, Jr.