# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN POSEY, JR., | ) |
| Plaintiff, | ) Civil Action No. 2:12-cv-00955 |
| v. | ) Judge Mark R. Hornak |
| SWISSVALE BOROUGH, OFFICER JOHN A. CORRADO, JR., OFFICER JOHN R. MERCALDE, OFFICER WILLIAM HAUN and CHIEF OF POLICE GREG GEPPERT., | ) |
| Defendants. | ) |

## MEMORANUDM OPINION

**Mark R. Hornak, United States District Judge**

On October 8, 2012, Plaintiff Herman Posey filed an Amended Complaint in which he asserted several federal and state law claims alleging that various Officers of the Swissvale Borough Police Department violated his civil rights. ECF No. 14. On March 13, 2013, this Court granted in part Defendants'[1] Motion to Dismiss Plaintiff's federal law claims. ECF Nos. 22, 23. The Court dismissed all of Plaintiff's federal law counts under Fed. R. Civ. P. 12(b)(6) except for one, *sua sponte* observed that Plaintiff's three state law claims might also not state a claim for relief, and ordered Plaintiff show cause as to why they should not be dismissed. *Id.* The Court now considers the substance of that show cause order and Plaintiff's response.

---

[1] The Defendants in this case are Swissvale Police Officers John Corrado ("Officer Corrado"), John Mercalde, William Haun, and Chief of Police Greg Geppert (collectively, "Defendant Officers"). The Court has dismissed all claims against Swissvale Borough. *See* ECF No. 23.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts surrounding this case were explained by the Court in *Posey v. Swissvale Borough*, 2:12-CV-955, 2013 WL 989953 (W.D. Pa. Mar. 13, 2013) ("*Posey I*"), and the Court need not reiterate them in detail here. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the factual allegations in the Complaint and draw all reasonable inferences in the Plaintiff's favor. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Therefore, for the purposes of this decision, the essential facts are as follows.

Mr. Posey's allegations revolve around his arrest and criminal prosecution in late 2010 through 2011 under charges of filing a false report to law enforcement and theft by deception, which culminated in the dismissal of all charges. Mr. Posey had filed a report with the Swissvale Borough Police Department upon noticing that his mobility scooter was missing. Investigating Defendant Officers spoke with Mr. Posey's two brothers, who informed them that Mr. Posey had in fact sold one of them his scooter, and the officers then discovered what appeared to be that scooter at that brother's residence. According to Mr. Posey, however, the ire of the Swissvale Police Department was not stoked in a manner sufficient to initiate criminal proceedings against him until Mr. Posey's order-in pizza was mistakenly delivered to one of those officers, Officer Corrado, who happened to live across the street from him. Officer Corrado's anger over the misdelivered pizza was allegedly one of the reasons that propelled him to seek criminal prosecution of Mr. Posey for the false reporting of stolen goods and for theft by deception.

These events formed a large part of Mr. Posey's 42 U.S.C. § 1983 claims that his Fourth and First Amendment rights were violated when he suffered a false arrest and malicious prosecution at the Defendant Officers' hands (and which constituted a state law tort). According to Mr. Posey, various Defendant Officers also interfered with his criminal proceedings by

2

improperly seeking continuances of his trial. These events formed a large part of Mr. Posey's claims that his Sixth Amendment rights were violated.

Mr. Posey also alleged that during the timeframe of these proceedings one of the Defendant Officers, Officer Corrado, improperly interfered with Mr. Posey's receipt of payments from the Veterans' Administration (VA). Sometime after August 16, 2011, Officer Corrado allegedly went to the VA and "verbalized" to one or more individuals there that Mr. Posey was "a criminal." Am. Compl. ¶ 30, ECF No. 14. He allegedly convinced a VA staff member, Tammy Proctor, to switch the first three (3) numbers on Mr. Posey's account for direct deposit of his VA payments. *Id.* ¶ 31. The result of this action was that the regular deposits to Mr. Posey's account were not made, which caused several of his personal checks drawn on the now underfunded account to bounce. *Id.* According to Mr. Posey, Officer Corrado took these actions against him for at least two different reasons: (1) in retaliation for engaging in the First Amendment activities of filing a police report and ordering a pizza, and (2) Officer Corrado's displeasure regarding events at an August 16, 2011 criminal proceeding of Mr. Posey, and at which Officer Corrado stated to the prosecutor, "I'm going to the [VA] and tell them what a real criminal [Plaintiff] is." *Id.* ¶ 28. Mr. Posey also asserted that Officer Corrado's statements at the VA constituted defamation under state law.

More generally, Mr. Posey also asserted that various activities of the Defendant Officers violated his substantive and procedural due process rights and equal protection under the Fourteenth Amendment, as well as constituted the tort of intentional infliction of emotional distress (IIED) under state law. He also generally alleged the municipal liability of the Swissvale Borough on a "failure to train" theory.

3

Defendants, in their Motion to Dismiss, requested only that all of Plaintiff's federal law claims be dismissed for failure to state a claim, perhaps with the hope that the Court decline to exercise supplemental jurisdiction over the remaining state law claims, sending them to the Court of Common Pleas of Allegheny County. *See* ECF No. 17. In *Posey I* and its accompanying Order, the Court closely analyzed all of the § 1983 federal constitutional claims, and dismissed under Rule 12(b)(6) all federal law claims against all Defendants except for a First Amendment retaliation claim against Officer Corrado in his individual capacity for his alleged interference with Plaintiff's VA payments in retaliation for Plaintiff's filing of a police report for stolen goods on or around October 19, 2010 only. *See* 2013 WL 989953; ECF No. 23.

Because there remained one viable federal law claim to support continued federal subject matter jurisdiction, the Court also *sua sponte* considered whether Plaintiff's three state law claims of malicious prosecution and false arrest, IIED, and defamation stated a claim for relief under the Rule 12(b)(6) standard, observing that it could exercise supplemental jurisdiction over them. The Court expressed doubt that Mr. Posey could state a claim for relief for any of his state law causes of action, but because Mr. Posey had not yet been given an opportunity to respond to a challenge to those causes of action, the Court ordered Mr. Posey to show cause why they should not be dismissed. *Id.* at *17-19. Mr. Posey timely responded to that show cause order. ECF No. 26. In his response, Plaintiff conceded that because the Court had held in *Posey I* as a matter of law that there was probable cause for his arrest, he would no longer be asserting his state law claim for malicious prosecution in Count IX, leaving in contention only his claim for IIED at Count VIII and Defamation at Count X. *Id.*

4

## II. DISCUSSION

Because Plaintiff's state law claims share a common nucleus of operative fact with his remaining federal claim over which this Court has original jurisdiction, the Court may exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. *See Fowler*, 578 F.3d at 211.

### A. Intentional Infliction of Emotional Distress

In *Posey I*, the Court discussed the merits of Mr. Posey's IIED claim, observing that, to the extent IIED is a tort cognizable in the Commonwealth, the defendant's conduct must be "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society," and that the element of outrageousness is for the court to determine in the first instance. 2013 WL 989953, at *17-18 (quoting *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005)). The Court observed,

> Here, while Mr. Posey has listed a litany of alleged wrongs committed by the Defendant Officers, chiefly a baseless prosecution, an intentional interference with his VA benefits, and a delay of his trial, as a matter of law none of the bad conduct alleged rises to the level of "outrageous or extreme conduct" that goes "beyond all possible bounds of decency" as required in Pennsylvania, Therefore,

5

the Court believes that Mr. Posey will not be able to state a claim for IIED under Pennsylvania law.

*Id.* at *18. In response to this tentative conclusion, Mr. Posey argues that even considering only as a basis for the IIED claim that Officer Corrado impermissibly interfered with his VA payments, such activity meets the threshold of outrageousness. The Court disagrees, and reaffirms its prior tentative conclusions in *Posey I* to hold that the alleged wrongs Mr. Posey suffered, including those relating to his VA payments, while perhaps reprehensible and even (as to the VA payments) constitutionally actionable, simply do not rise to the level of exceeding "all possible bounds of decency" as a matter of law. *See Swisher*, 868 A.2d at 1231 (describing types of activity found to be outrageous). The Court further notes that in *Posey I*, for similar reasons, it held that Defendants' conduct, even if true, did not "shock the conscience" so as to trigger a Fourteenth Amendment substantive due process violation. 2013 WL 989953, at *14. Therefore, Mr. Posey's state law IIED claim at Count VIII will be dismissed with prejudice.

## B. Defamation

In *Posey I*, this Court also expressed doubt that Mr. Posey's state law defamation claim at Count X would survive at the motion to dismiss stage. The Court observed that,

> In Pennsylvania, in order for a statement to be defamatory, it must be untrue, although the burden of proving truth lies with the defendant. 42 Pa. Cons. Stat. § 8343. Mr. Posey alleges that Officer Corrado defamed him when he told an agent at the VA that Mr. Posey was "a criminal." Am. Compl. ¶ 30. Unfortunately for Mr. Posey, this statement was not untrue. An examination of state criminal public records reveals that Mr. Posey had been convicted of at least three crimes at the time this statement was made [harassment; false reporting of a crime; and disorderly conduct].[2] Therefore, Officer Corrado cannot be liable in defamation

---

[2] Upon further review of Mr. Posey's criminal records, it appears that in 1983 he was charged with two felony counts of the crime of arson, although the records are inconclusive as to whether he was found guilty. *See* Allegheny Cnty. Ct. Com. Pl. Dkt. No. CP-02-CR-006622-1983. The Court may take judicial notice of that docket as a "public record" that it may consider at the motion to dismiss stage. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196–97 (3d Cir.1993). While the Court is not currently in a position to definitively comment on Mr. Posey's conviction *vel non*, nor whether if true, that it would alter the meaning of the term "criminal" as Officer Corrado meant it to be understood, it is a crime that at least facially might convey a more serious criminality than Mr. Posey's other more minor offenses. This is a matter that may be revisited on summary judgment.

for his perhaps rude and improper, yet truthful statement. *See Serian v. Penguin Group (USA), Inc.*, CIV.A. 1:08CV74, 2009 WL 2225412, at *9 (N.D.W. Va. July 23, 2009) (defendant not liable for calling plaintiff "a crook" where plaintiff previously convicted of felonies).

2013 WL 989953, at *18.

Upon further consideration of Mr. Posey's defamation claim, the Court concludes that dismissal of that claim at this time would be premature. First, the conduct that is at the center of the defamation claim – what Officer Corrado said at the VA to interfere with his payments – is the same as his remaining First Amendment retaliation claim, and therefore will not materially alter the trajectory of discovery or the litigation process in this case. Second, under Pennsylvania law, while truth is "an absolute defense" to defamation, *Marier v. Lance, Inc.*, 07-4284, 2009 WL 297713, at *2 (3d Cir. Feb. 9, 2009) (unpublished) (quoting *Bobb v. Kraybill*, 511 A.2d 1379, 1379 n. 1 (Pa.Super.Ct.1986)), "the truth must be as broad as the defamatory imputation or 'sting' of the statement," *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1316 (3d Cir. 1994) (quoting *Schiavone Const. Co. v. Time, Inc.*, 847 F.2d 1069, 1084 (3d Cir. 1988)).

Therefore, while it is technically true that Mr. Posey was "a criminal" at the time Officer Corrado allegedly made his statement, and while it is a close call, viewing the facts in the light most favorable to Mr. Posey, the "sting" of the statement as made possibly could have carried beyond the imputation of past criminal activity, and more broadly to the criminal proceeding that was ongoing at the time the statement was made.[3] It also appears that more generally, Mr. Posey has sufficiently alleged facts surrounding Officer Corrado's statements at the VA that could support the tort of defamation as defined in Pennsylvania, *see* 42 Pa. Cons. Stat. § 8343, in a

---

[3] For example, one fact in support of this interpretation is that Officer Corrado allegedly stated at the August 16, 2011 that he was going to go to the VA to tell them "what a real criminal [Plaintiff] is," Am. Compl. ¶ 28, which he allegedly then did.

7

manner that passes the *Twiqbal* standard.[4] Therefore, Mr. Posey's claim of state law defamation at Count X will not be dismissed at this stage.

## III. CONCLUSION

Mr. Posey's claim for IIED at Count VIII will be dismissed for failure to state a claim, as will his claim for malicious prosecution at Count IX by his own stipulation, while his claim for defamation at Count X will survive, at least for the moment.[5] To summarize, the only claims that remain in this case are (1) a § 1983 First Amendment retaliation claim against Officer Corrado in his individual capacity for his alleged interference with Plaintiff's VA payments in retaliation for Plaintiff's filing of a police report for stolen goods on or around October 19, 2010 only; and (2) a state law defamation claim against Officer Corrado for his allegedly defamatory statement(s) that Mr. Posey was "a criminal" made at the VA. All claims against the Swissvale Borough, Officer John R. Mercalde, Chief of Police Greg Geppert, and Officer William Haun are dismissed, to the extent that they were not already dismissed in *Posey I*.[6]

---

[4] *Twiqbal*" refers to *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, and *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868, collectively. *See Posey I*, 2013 WL 989953, at *19 n.19.

[5] It is likely Mr. Posey will face additional hurdles in pursuing his defamation claim. First, one element of defamation under Pennsylvania law is that the alleged defamatory statements would have the tendency to diminish the plaintiff's reputation. *Marier*, 2009 WL 297713, at *3 (citing *Goralski v. Pizzimenti*, 540 A.2d 595, 597-98 (Pa. Commw. Ct. 1988)). A corollary is that the defamation plaintiff thereby places his entire character at issue, and Mr. Posey will have to confront searching discovery into his criminal past and his reputation more generally. Second, Pennsylvania courts have been historically reluctant to find defamation where the "publication" was made to only "limited audiences," as was alleged here. *See id.* (citing *Maier v. Maretti*, 448 Pa. Super. 276, 283, 671 A.2d 701, 704 (1995)).

[6] In *Posey I* and its accompanying Order, the Court dismissed all claims against Swissvale Borough, all federal law claims against Officers Mercalde and Haun and Chief of Police Geppert, and all federal law claims against Officer Corrado in his official capacity. ECF No. 23. Because the state law claims at Counts VIII and IX were also asserted against each of the Defendant Officers, Defendants Mercalde, Haun, and Geppert remained in this case with respect to those claims only – claims that have now been dismissed.

An appropriate order will follow.

                                                Mark R. Hornak
                                                United States District Judge

Dated: June 13, 2013

cc:     All counsel of record