IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN POSEY, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:12-cv-955 |
| ) | |
| v. ) | Judge Mark R. Hornak |
| ) | |
| SWISSVALE BOROUGH, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is the Defendant's Motion [54] for the imposition of sanctions against the Plaintiff personally pursuant to Federal Rule of Civil Procedure 11, in the total amount of $3,331.10, representing the legal fees and costs incurred in the Defendant John Corrado moving for summary judgment, and in preparing the sanctions motion.

The Court has explained the facts in this case in some detail in its various Opinions found at ECF Nos. 22, 27 and 58, so they will not be repeated here. The core of the sanctions motion is that the Plaintiff's remaining claims centered on what was said, if anything, by Officer Corrado to anyone at the Veteran's Administration ("VA") that was intended to and did interfere with the Plaintiff's receipt of one (1) VA benefits check being delayed by about two weeks.

The sanctions motion was filed in procedural compliance with Rule 11, and that Rule and its obligations are fully applicable to *pro se* litigants. *Pal v. Jersey City Medical Center*, No. 11-6911(SRC), 2014 WL 3573405 (D. N.J. July 21, 2014). As the Defendant points out in his Motion for Sanctions, in this case, the Court covered that very topic meticulously with the Plaintiff on the record and in open Court at the time that Plaintiff's counsel was permitted to

withdraw from the case based on that counsel's assessment that he could not in good faith oppose the anticipated summary judgment motion of the Defendant.

Rule 11 requires any party, appearing via counsel or *pro se*, to proceed with federal civil litigation only when there is a reasonable basis in fact and in law for doing so. It charges them with making the necessary investigation into the law and facts supporting the position that they are taking, and their signature on a submission to the Court is their representation that the papers that they are filing are so supported. In assessing such a sanctions motion, the Court is to apply a standard of objective reasonableness under the specific circumstances of the case, and that determination falls within the sound discretion of the Court. *Id.* at *8.

The heart of the Defendant's motion for sanctions is that once the depositions of the two involved VA representatives (Ms. Proctor and Ms. McAfee) had been taken, along with that of Officer Corrado, it should have been plain to all involved, including the Plaintiff, that there was no evidence that the VA representatives had anything to do with any delay in the payment of the one VA benefits check at issue, that they could not have affected that payment given that such matters are not handled at their VA facility, and that there was no evidence that Officer Corrado attempted to affect that check. As to this point, which is the crux of the Plaintiff's federal First Amendment claim and as the Court noted in its decision granting summary judgment, the record is clear and without contravention -- the only thing supporting the Plaintiff's claim was his own supposition and guesswork.

As to the Plaintiff's state law defamation claim based on the allegation that Officer Corrado told the VA officials that the Plaintiff was "a criminal," the Defendant contends that after discovery, it should have been known to the Plaintiff that the two VA representatives denied that Officer Corrado ever called the Plaintiff a "criminal", and that Officer Corrado denied doing so. That is true, but this issue is more complicated.

2

Officer Corrado denied calling the Plaintiff "a criminal" in conversations with the VA representatives, but admitted advising someone at the VA, perhaps the unidentified woman that he says that he spoke with, that the Plaintiff was going to be charged with theft by deception related to a missing VA-issued scooter. VA representative McAfee stated that she never had any contact with Officer Corrado. VA representative Proctor did likewise, but her notes, relied on by the Plaintiff in opposing summary judgment, did reflect that she had been told that the Plaintiff would be so charged. Thus, there was an "issue of fact" as to any such contact by Officer Corrado, and it appears to be genuine. Officer Corrado testified that he spoke with a female VA representative, and advised someone at the VA, probably in relation to his efforts to serve a subpoena, that the Plaintiff would be charged as alleged. Ms. Proctor stated that she had no recollection of speaking with Officer Corrado, but her notes seem to reflect that she spoke with someone from the Swissvale Police about the missing VA scooter and the impending charges. Ms. McAfee denied speaking with anyone from the Swissvale Police, and had no notes to the contrary.

For the reasons noted in the Court's summary judgment Opinion, to the extent there was such a "genuine issue of fact," it simply was not "material" for summary judgment purposes. As the Court held in granting summary judgment in favor of Officer Corrado, any communication about charges to be filed against the Plaintiff were not defamatory as allegedly communicated to Ms. Proctor, they were literally true, they were privileged and there was no record evidence from which an abuse of the privilege could be shown. Therefore, even if that "genuine issue" of whether Officer Corrado spoke with Ms. Proctor was resolved in Plaintiff's favor, it was not "material" since it did not affect the disposition of the case.

That said, particularly when considering the Plaintiff's *pro se* status, the Court in its discretion declines to impose a Rule 11 sanction here, although it is a close call. The Court

3

comes to this conclusion because to a lay person, the distinction between some factual point being controverted on the record, and that "dispute" being "material" is not nearly as self-evident as it might be, or should be, to a lawyer. Thus, confronted with the facial disparity in the oral testimony and the VA notation of some sort of contact with a Swissvale Police representative who relayed something about the impending charges, it is not inherently out of bounds for a *pro se* Plaintiff to have legitimately concluded that there may be something more to the case than there is.

The Court does not reach this conclusion lightly. As noted in the Court's three (3) Opinions in this case, from both a legal and factual standpoint, this civil action from day one had been akin to a tempest in a teapot about misdelivered pizzas to missing/purloined scooters to intrafamily bad blood in the various Posey households. Perhaps this case was filed on not a lot more than a wish and prayer, and pursued by Mr. Posey himself based more on emotion than reason. But, that is not the standard generally for the imposition of Rule 11 sanctions, and for the reasons noted, does not in the Court's judgment require their imposition, at this point.[1]

An appropriate Order will issue.

_____
Mark R. Hornak
United States District Judge

Dated: August _l_, 2014

cc: All counsel of record

---

[1] The Motion will be denied without prejudice, in that Mr. Posey has now filed another document in pursuit of his case that facially appears to have little to do with any valid claim. If it turns out that Mr. Posey pursues this case further contrary to the strictures of Rule 11, the Court will revisit both this Motion and any supplement to it.

4